<pre>
Edward C. Walton (Bar No. 78490)
E-mail: ed.walton@procopio.com
David W. Gouzoules (Bar No. 321328)
E-mail: david.gouzoules@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Defendants
Unocal Corporation and Chevron U.S.A. Inc.
</pre>

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIA AGUILERA, individually and as the Successor-in-Interest of the ESTATE OF MIGUEL AGUILERA, and JULIAN AGUILERA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNOCAL CORPORATION; CHEVRON U.S.A. INC., DOES 1 through 50; ROES A through Z; inclusive,<br><br>　　　　Defendants. | Case No. 2:22-CV-01394-FWS-PD<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>District Judge: Hon. Fred W. Slaughter<br>Mag. Judge: Hon. Patricia Donahue<br><br>Hearing Date: May 25, 2023<br>Time: 　　　10:00 a.m.<br><br>Action removed: March 1, 2022<br>Trial date: Sept. 5, 2023 |

<pre>
                                    1
DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF MSJ OPPOSITION
                                                CASE NO. 2:22-CV-01394-FWS-PD
</pre>

DEFENDANTS Unocal Corporation ("Unocal Corp."), and Chevron U.S.A. Inc. ("Chevron USA") respectfully submit the following Objections to Plaintiffs' Evidence offered in support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment.

### Objections to Declaration of Robert Kelley

| Evidence Objected To | Objection |
|---|---|
| 1. "Dave Poolman confirms that DCOR had no building plans for the living quarters."<br><br>Declaration of Robert Kelley, Esq. ("Attorney Kelley Decl.") ¶ 4. | Lacks personal knowledge (FRE 602), and improper attorney declaration.<br><br>*See Clark v. Cnty of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010) ("Declarations by attorneys are sufficient only if the facts stated are matters of which the attorney has knowledge, such as matters occurring during the course of the lawsuit…"); *Grimstad v. FCA US LLC*, No. SACV-16-00763-JVS, 2018 WL 6427339, at *4 (C.D. Cal. Dec. 3, 2018) (striking counsel's declaration submitted in opposition to MSJ where counsel lacked personal knowledge and attempted "to opine on mechanical and technical matters") |
| 2. "Attached hereto as "Exhibit B" is DCOR001483. This photograph documents that other than the perimeter frame, the cementitious board, which has been referred to by defendant as a subfloor, was supported by a single board, approximately 1 inch by 4 | Lacks personal knowledge (FRE 602), and improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |

| Evidence Objected To | Objection |
|---|---|
| inches."<br><br>Attorney Kelley Decl., ¶ 5. | |
| 3. Exhibit B to the Attorney Kelley Declaration. | Lacks foundation, not authenticated (FRE 901). |
| 4. "The living quarter's floor assembly contained an unreasonable risk to others by the installation of the moisture board."<br><br>Attorney Kelley Decl., ¶ 7. | Improper lay opinion (FRE 701), lacks personal knowledge (FRE 602), and improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 5. "The decedent, however, was immediately pushed out away from the platform, about 300 to 400 feet according to the deposition of Joe Van Dran, taken 04/10/23, not yet completed and produced for attaching."<br><br>Attorney Kelley Decl., ¶ 8. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), and improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 6. "The evidence is in conflict concerning whether the decedent, who could not swim, was conscious or not after he fell in the Pacific Ocean"<br><br>Attorney Kelley Decl., ¶ 9. | Lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 7. "Witnesses have stated that he was trying to swim, and others have testified that he was on his back right after falling, not moving his limbs. It is not possible to know whether being | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration. |

| Evidence Objected To | Objection |
|---|---|
| able to swim or not would have made a difference in light of the 5-foot swells, the significant current, and whether he was conscious or not. Mr. Aguilera drowned on that day." <br><br> Attorney Kelley Decl., ¶ 10. | *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 8. "During discovery there was significant discussion about whether decedent and crew should have been wearing life jackets or anti-fall harnesses. All testimony was that the work inside the living quarters did not require harnesses or life jackets." <br><br> Attorney Kelley Decl., ¶ 11. | Hearsay (FRE 802), lacks personal knowledge (FRE 601), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 9. "There is no evidence that the safe work permit or the 12/02/20 Job Safety Analysis, done by DCOR, had anything to do with the causation of the incident or that safety meetings or the lack thereof played any part regarding causation. The safe work permit had nothing to do with the causation of the incident." <br><br> Attorney Kelley Decl., ¶ 12. | Lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 10. "Attached hereto as "Exhibit D" is the structural plans which indicate that Union Oil is to supply the living quarter. Union Oil took responsibility for the living quarters and could have installed them or could have hired a contractor to install them." <br><br> Attorney Kelley Decl., ¶ 13. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |

| Evidence Objected To | Objection |
|---|---|
| 11. Exhibit D to the Attorney Kelley Decl. | Lacks foundation and is not authenticated properly (FRE 901), and contains hearsay (FRE 802) |
| 12. "Defendants never received building plans from Delta Builders for the living quarters that were installed on platform Gilda around 1981." Attorney Kelley Decl., ¶ 14. | Lacks personal knowledge (FRE 602), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 13. "After receiving this document, numerous other documents were obtained, all with Unocal's name on them, demonstrating active participation and operational control regarding Platform Gilda." Attorney Kelley Decl., ¶ 16. | Lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 14. "After the living quarters inspection in 1989 defendants never obtained or produced building plans for the living quarters." Attorney Kelley Decl., ¶ 17. | Lacks personal knowledge (FRE 602), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 15. "Additionally, DCOR did not serve any living quarter's plans on BSEE when requested during their investigation." Attorney Kelley Decl., ¶ 18. | Lacks personal knowledge (FRE 602), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 16. "There is no evidence in the record | Lacks personal knowledge (FRE |

| | **Evidence Objected To** | **Objection** |
|---|---|---|
| | showing that Defendants ever informed anyone about the deterioration problem in the living quarter's flooring. There is no record in the file that Defendants informed anyone, at any time, that Defendants did not have plans for the living quarters."<br><br>Attorney Kelley Decl., ¶ 19. | 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 17. | "When Defendant, Unocal, had the living quarters inspected in 1989 they became aware that there were no building plans for this building by way of a letter sent to Unocal. Attached hereto as "Exhibit E" is a true and correct copy of the 1989 Unocal letter. This letter revealed that the wooden living quarters' walls and floors were already having water damage issues after only 8 years of service. "Exhibit E" clearly states that there was no technical data available at the time of the 1989 inspection, and Delta had been out of business for a few years. Unocal was the recipient of that letter and Union Oil was the entity that originally was responsible for producing and installing the living quarter's building, see Exhibit "D.""<br><br>Attorney Kelley Decl., ¶ 26. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration. *See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 18. | "Defendant has offered no evidence that Unocal ever told any buyer that the living quarters building had issues with water damage."<br><br>Attorney Kelley Decl., ¶ 27. | Lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad* |

| Evidence Objected To | Objection |
|---|---|
| | *v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 19. "There is no evidence that Defendant ever obtained building plans for its employees to use, or for the buyer's employees to use but, now argue that one of the causes of the incident is that the workmen did not review the plans they did not provide."<br><br>Attorney Kelley Decl., ¶ 28. | Lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 20. "Attached hereto as "Exhibit F" is a true and correct copy of the photograph of Platform Gilda.<br><br>Attorney Kelley Decl., ¶ 29. | Lacks personal knowledge (FRE 602), insufficient foundation and authentication (FRE 901). |
| 21. Exhibit F to the Attorney Kelley Decl. | Lacks foundation, is not properly authenticated (FRE 901) |
| 22. "Attached hereto as "Exhibit G" is a true and correct copy of a document dated December 12, 1985 concerning geological data that the Mineral Management Service requested concerning Platform Gilda and Unocal Corporation, Platform Gilda Update to Plan of Development, (October 1985)"<br><br>Attorney Kelley Decl., ¶ 30. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 23. Exhibit G to the Attorney Kelley Decl. | Lacks foundation, is not properly authenticated (FRE 901), contains hearsay (FRE 802). |
| 24. "Attached hereto as "Exhibit H" is a true and correct copy of a confidential document dated October 3, 1985 which is titled Update to Plan of Development. This document | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at |

| | Evidence Objected To | Objection |
|---|---|---|
| | demonstrates how deeply Unocal was involved in the development of Platform Gilda and the Santa Clara Unit, Platform Gilda Update to Plan of Development, (October 1985)."<br><br>Attorney Kelley Decl., ¶ 31. | 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 25. | Exhibit H to the Attorney Kelley Decl. | Lacks foundation, is not properly authenticated (FRE 901), contains hearsay (FRE 802). |
| 26. | "Attached hereto as **"EXHIBIT I"** is a true and correct copy of a letter dated July 29, 1986 regarding Platform Gilda from the Department of the Interior to Unocal Corporation and Unocal Oil and Gas Division. This letter also demonstrates heavy involvement regarding Platform Gilda by Unocal Corporation. This letter concerns platform Gina another Union Oil Platform that was installed in the early 1980's by Union Oil. This letter concerns the production plan among other items related to this platform and further demonstrates the involvement of Unocal, Plan of Development Documents, (July 29, 1986)."<br><br>Attorney Kelley Decl., ¶ 32. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 27. | Exhibit I to the Attorney Kelley Decl. | Lacks foundation, is not properly authenticated (FRE 901), contains hearsay (FRE 802). |
| 28. | "Attached hereto as "Exhibit J" is a true and correct copy of letter dated March 25, 1986 from James W. Wright from the United States Department of the Interior regarding Platform Gilda | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at |

| Evidence Objected To | Objection |
|---|---|
| and Unocal concerning a development plan, Plan of Development Documents, (July 29, 1986)."<br><br>Attorney Kelley Decl., ¶ 33. | 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 29. Exhibit J to the Attorney Kelley Decl. | Lacks foundation, is not properly authenticated (FRE 901), contains hearsay (FRE 802). |
| 30. "The documents discussed above, **"EXHIBITS G-J"**, prove that Unocal was not a mere parent company of Union Oil but was in fact heavily involved in the serious business going on with this platform among others."<br><br>Attorney Kelley Decl., ¶ 34. | Improper conclusion/lay opinion (FRE 701), lack of personal knowledge (FRE 602), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 31. "In 1989 a letter was produced and discussed above in which a contractor was hired to inspect Platform Gilda's living quarters, the same living quarters where this incident took place. That letter was addressed to Unocal not anyone else. The Living Quarters building plans were missing or never produced and the inspector informed Unocal that no technical data on the building existed. At that moment Unocal knew or should have known without those plans that the living quarters could not be properly inspected."<br><br>Attorney Kelley Decl., ¶ 35. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 32. "No discovery documents have been produced indicating that such | Lacks personal knowledge (FRE 602), improper conclusion/lay |

| Evidence Objected To | Objection |
|---|---|
| information was passed along to Nuevo or any of the other buyers. No living quarter building plans have been produced by the Defendants at all meaning they likely never had any."<br><br>Attorney Kelley Decl., ¶ 36. | opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 33. "Without the 1983 reorganization documents Defendant cannot prove what part Unocal played in the Operation of Platform Gilda."<br><br>Attorney Kelley Decl., ¶ 37. | Improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 34. "It is clear from documents, "Exhibits E, G-J" that Unocal was exercising at least some operational control over Platform Gilda."<br><br>Attorney Kelley Decl., ¶ 38. | Lacks personal knowledge (FRE 602), improper conclusion/lay opinion (FRE 701), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |
| 35. "Witnesses have testified that tape was used and not used by the repair crew on 12/02/20."<br><br>Attorney Kelley Decl., ¶ 40. | Hearsay (FRE 802), lacks personal knowledge (FRE 602), improper attorney declaration.<br><br>*See Clark*, 755 F. Supp. 2d at 1084 (E.D. Cal. 2010); *Grimstad v. FCA US LLC*, 2018 WL 6427339, at *4. |

## Objections to Declaration of Steven Viani, P.E.

| Evidence Objected To | Objection |
|---|---|
| 1. "The flooring of the living quarters installed on Platform Gilda created a latent unreasonable risk in that a moisture board appearing to be made from metal was installed a few inches below the walking floor that could be mistaken for a walking surface by workers doing floor repairs." <br><br> Declaration of Steven Viani, P.E. ("Viani Decl."), ¶ 8. | Improper expert testimony on legal conclusion. *Solid 21, Inc. v. Hublot of Am.*, 685 F. App'x 530, 532 (9th Cir. 2017). <br><br> Expert is not qualified to render the stated opinion. F.R.E. 702. |
| 2. "The living quarters on Platform Gilda had a latent dangerous condition in the floor assembly that wouldn't likely be found in inspection without building plans." <br><br> Viani Decl., ¶ 9. | Improper expert testimony on legal conclusion. *Solid 21, Inc. v. Hublot of Am.*, 685 F. App'x 530, 532 (9th Cir. 2017). <br><br> Expert is not qualified to render the stated opinion. F.R.E. 702. |
| 3. "The living quarter's galley floors installed on Platform Gilda created a latent unreasonable risk to others." <br><br> Viani Decl., ¶ 10. | Improper expert testimony on legal conclusion. *Solid 21, Inc. v. Hublot of Am.*, 685 F. App'x 530, 532 (9th Cir. 2017). <br><br> Expert is not qualified to render the stated opinion. F.R.E. 702. |
| 4. "It is clear from the documents submitted that Unocal knew in 1989 of water damage problems in the living quarters." <br><br> Viani Decl., ¶ 11. | Improper expert testimony as to lay facts. |

| | |
|---|---|
| 5. "Without building plans repairs to the floors would have been hazardous given the nature of the installation of this platform." <br><br> Viani Decl., ¶ 12. | Expert is not qualified to render the stated opinion, F.R.E. 702, and speculative. |
| 6. "Without building plans the likelihood of this dangerous condition being discovered was very unlikely." <br><br> Viani Decl., ¶ 13. | Expert is not qualified to render the stated opinion, F.R.E. 702, and speculative. |
| 7. "Non-destructive inspection without building plans in this case would not discover the latent dangerous condition." <br><br> Viani Decl., ¶ 14 | Expert is not qualified to render the stated opinion, F.R.E. 702, and speculative. |
| 8. "Unocal knew there were no building plans in 1989." <br><br> Viani Decl., ¶ 15. | Improper expert testimony as to lay facts. FRE 702. |

Dated: May 4, 2023   **AHMAD, ZAVITSANOS & MENSING, PLLC**

By:  /s/ Michael D. Gorrell
Todd Mensing
Texas State Bar No. 24013156
tmensing@azalaw.com
*Admitted Pro Hac Vice*
Reies (Rey) Flores
Texas State Bar No. 24068777
rflores@azalaw.com
*Admitted Pro Hac Vice*
Michael Gorrell
Texas State Bar No. 24131345
mgorrell@azalaw.com
*Admitted Pro Hac Vice*
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062

Edward C. Walton, Esq., SBN 78490
David W. Gouzoules, Esq., SBN 321328
525 B Street, Suite 2200
San Diego, California 92101
Telephone: (619) 906-5625
Facsimile: (619) 788-5582
david.gouzoules@procopio.com
Attorneys for Defendants
UNOCAL CORPORATION and
CHEVRON U.S.A. INC.